FILED
OCT 02 2026
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

Shabaka Jackson,
Plaintiff,

v.

Civil Action No. 4:26cv1419 SDJ|AGD

Security Credit Services, LLC,
Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Shabaka Jackson, proceeding pro se, alleges as follows:

### I. INTRODUCTION

1. This action arises under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Defendant Security Credit Services, LLC (Security Credit) reported an alleged PenFed debt to TransUnion without communicating that Plaintiff disputed the amount, even after he challenged the balance during an August 2026 telephone call.

2. Plaintiff brings one claim under 15 U.S.C. § 1692e(8). He seeks actual damages for the harm caused by that reporting, statutory damages, and recoverable costs.

### II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District. The collection activity concerned Plaintiff in Frisco, Denton County, Texas, where he resides and experienced the resulting injuries described below. Denton County is within the Sherman Division.

5. Security Credit purposefully directed the collection activity described below at Plaintiff in Texas, including communications concerning the alleged debt and reporting it on his credit file. This claim arises from that activity, supporting specific personal jurisdiction.

## III. PARTIES

6. Plaintiff Shabaka Jackson is a natural person residing in Frisco, Denton County, Texas. Security Credit alleges that he owes the debt at issue. He is a consumer within the meaning of 15 U.S.C. § 1692a(3).

7. Defendant Security Credit Services, LLC operates a receivables-purchasing and debt-collection business based in Oxford, Mississippi. Its published consumer correspondence address is P.O. Box 1156, Oxford, Mississippi 38655.

8. Security Credit publicly describes its business as purchasing delinquent and charged-off receivables and working with individuals to obtain payment of balances. It identifies itself as a debt collector. On information and belief, a principal purpose of its business is collecting purchased debts, directly or through collection providers, using telephone communications, credit reporting, and other means of interstate commerce. It is a debt collector under 15 U.S.C. § 1692a(6).

9. Security Credit reported the PenFed account as Plaintiff's individual obligation on his personal credit file and sought payment from him personally. Based on that reporting and the PenFed account described during the call, Plaintiff alleges on information and belief that the alleged obligation arose primarily from a personal, family, or household transaction and is a consumer debt under 15 U.S.C. § 1692a(5).

## IV. FACTUAL ALLEGATIONS

10. On May 11, 2026, Plaintiff reviewed his TransUnion credit information through Credit Karma. He saw several entries he believed were misleading or incorrect, including the Security Credit collection account at issue here.

11. The Security Credit entry displayed a $2,786 balance, identified Pentagon Federal Credit Union (PenFed) as the original creditor, and listed an opening date of January 29, 2025. It showed an open, derogatory collection account and remarks stating that it was placed for collection. The screenshot displayed a May 11, 2026 reporting date and no acknowledgment of a dispute.

12. During the months before his August telephone call, Plaintiff had already disputed this account and had received no response from Security Credit addressing his objections. The account remained on his credit file.

13. On or about August 21, 2026, Plaintiff reviewed his TransUnion information through Credit Karma again and saw the same account. He called Security Credit to challenge it. The call was recorded.

14. Security Credit's telephone system identified the company as a debt collector attempting to collect a debt. After locating Plaintiff's account, the representative identified a PenFed account and stated that the balance was $2,786.17.

15. Plaintiff acknowledged having a PenFed account but questioned the amount. He said the most he would have paid PenFed was about $150 per month and stated, "I was just trying to see how y'all got all the way to 2700. That seemed kind of high."

16. The representative replied, "We don't come up with that. That would be Pentagon." The representative explained generally that PenFed supplied the balance when it transferred an account and that Security Credit added no interest or fees. The explanation referred to payment histories and contracts but did not include an account-specific calculation of the amount.

17. Plaintiff expressed frustration and said he had expected Security Credit to know more. He said he would contact PenFed for information and call Security Credit back. He did not agree that the $2,786.17 balance was correct or withdraw his concern about the amount.

18. Plaintiff's statements, taken together, challenged the amount Security Credit was collecting. By that conversation at the latest, Security Credit knew or should have known that he disputed the balance. His plan to seek more information from PenFed did not resolve that objection.

19. On September 21, 2026, Plaintiff again accessed his TransUnion information through Credit Karma. The Security Credit entry displayed a reporting date of September 9, 2026. September 21 was the date of his review; September 9 was the reporting date shown for the account.

20. That entry still showed a $2,786 balance and PenFed as the original creditor. Its remarks stated that the account was placed for collection, without any notation that Plaintiff disputed the debt.

21. On information and belief, Security Credit furnished updated account information to TransUnion after the August call, including the update reflected by the September 9 reporting date, without communicating the dispute. This allegation is based on the later

reporting date, which followed his call, and the absence of a dispute notation in the corresponding account details.

22. Plaintiff reviewed his credit information again on September 23, 2026, and continued to see the account without a dispute notation. As of his September 27, 2026 review, the entry still did not acknowledge his dispute.

23. On information and belief, Security Credit used this reporting as part of its effort to collect the alleged debt. It presented an open collection account with a balance remaining due. Its telephone system identified the call as an attempt to collect a debt, and its representative explained the balance Security Credit was claiming.

## V. PLAINTIFF'S INJURIES

24. Plaintiff owns a small logistics business that is his sole source of income. During this period, his truck needed two tires and work on an axle. The maintenance problems threatened his ability to take loads and earn income.

25. On September 23, 2026, Plaintiff applied for a Discount Tire credit card issued by Synchrony Bank to help obtain the tires his truck needed. The application-result screen stated that Synchrony was unable to approve him and that a written explanation of the decision and the information source would follow.

26. Plaintiff remained unable to resolve the truck maintenance problems and missed opportunities to take loads. Those problems also strained his working relationship with his dispatcher. These circumstances increased the importance of obtaining credit and intensified his worry about keeping his business operating.

27. Seeing Security Credit continue to report the collection without acknowledging his objection caused Plaintiff additional anxiety and frustration. He had challenged the amount, yet his credit information continued to present it without disclosing that challenge. This added to his concern about obtaining credit when his ability to earn a living depended on repairing the truck.

28. The combined stress became serious enough that Plaintiff sought mental health assistance. On September 24, 2026, he completed intake calls with the SMU Center for Family Counseling. A follow-up appointment was scheduled for Tuesday, September 29, 2026.

29. Plaintiff does not attribute the credit denial or all of his distress solely to Security Credit. Its failure to communicate his dispute added to an already stressful situation. He seeks compensation for his own additional emotional distress and any other actual injury shown to have been caused by that failure.

## VI. COUNT ONE

### Failure to communicate a disputed debt as disputed
### 15 U.S.C. § 1692e(8)

30. Plaintiff incorporates paragraphs 6 through 29, which identify the parties, the alleged debt, the dispute, the subsequent reporting, and his injuries.

31. Section 1692e(8) prohibits a debt collector, in connection with collecting a debt, from communicating credit information it knows or should know is false, including omitting the disputed status of a debt.

32. By the August 2026 call at the latest, Security Credit knew or should have known that Plaintiff disputed the amount of the PenFed account. The reporting duty under § 1692e(8) does not depend on a written dispute within the separate thirty-day validation period under §

1692g. See Sayles v. Advanced Recovery Systems, Inc., 865 F.3d 246, 249-50 (5th Cir. 2017).

33. On information and belief, Security Credit nevertheless communicated updated information about the debt to TransUnion after that call, as reflected by the September 9, 2026 reporting date, without communicating that the amount was disputed. It did so in connection with collecting the alleged debt.

34. The omission presented the collection obligation without the material qualification that Plaintiff contested its amount. It left a misleading impression that the reported balance was unchallenged.

35. By communicating that information without its disputed status after receiving Plaintiff's objection, Security Credit violated § 1692e(8). The violation caused the additional anxiety and emotional distress described in paragraphs 27 through 29. Plaintiff seeks actual damages under § 1692k(a)(1), statutory damages under § 1692k(a)(2)(A), and recoverable costs under § 1692k(a)(3).

## VII. REQUEST FOR RELIEF

Plaintiff requests judgment against Security Credit as follows:

A. Actual damages in an amount to be determined at trial for Plaintiff's injuries caused by the violation, including emotional distress;

B. Additional statutory damages of $1,000 for this action, as allowed under 15 U.S.C. § 1692k(a)(2)(A);

C. Costs of this action under 15 U.S.C. § 1692k(a)(3), and reasonable attorney's fees if counsel is later retained and those fees are recoverable; and

D. Any further relief that is appropriate and legally available on this claim.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38.

Respectfully submitted,

Shabaka Jackson, Plaintiff pro se
1624 Princess Ln
Frisco, TX 75036
Telephone: 601-896-2912
Email: Shabaka.jackson@me.com
Date: September 27, 2026